UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DICRA ZIA,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

Criminal Case No. 08-20532-01
Civil Case No. 11-14798
HON. GEORGE CARAM STEEH

_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS ZIA'S MOTION TO VACATE GUILTY PLEA UNDER 28 U.S.C. § 2255 (#59) AND DENYING ZIA'S MOTION TO VACATE (#56) AS TIME BARRED UNDER § 2255(F)

On October 31, 2011, Zia field a motion to vacate guilty plea pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in Padilla v. Kentucky, 130 S.Ct. 1473 (2010). On January 23, 2012, the government filed a motion to dismiss Zia's motion to vacate guilty plea arguing the motion was untimely. The parties agreed to extend the deadline for the government to respond to Zia's § 2255 motion until after the court rules on the motion to dismiss. For the reasons set forth below, the government's motion to dismiss is GRANTED and Zia's motion is DENIED as time barred.

On October 26, 2009, Zia pleaded guilty to food stamp fraud. On March 31, 2010, the Supreme Court decided Padilla, the case on which Zia's § 2255 motion is based. On April 7, 2010, the court sentenced Zia. On April 14, 2010, the court entered its judgment of conviction. On October 31, 2011, Zia filed her § 2255 motion to vacate guilty plea. Zia's motion is untimely under § 2255(f) and she has not demonstrated she is entitled to equitable tolling. Section 2255(f) states as follows:

-1-

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Supreme Court decisions relied upon by defendant predate the defendant's date of conviction, and thus do not extend the limitations period. The limitations period in this case began to run on April 24, 2010, ten days after entry of the judgment. Zia was required to file her motion to vacate on or before April 24, 2011. Her October 31, 2011 motion to vacate is therefore untimely.

The one-year statute of limitations under § 2255(f) is subject to equitable tolling. A petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Zia has not established that she has been pursuing her rights diligently, or that some extraordinary circumstance prevented her from timely filing the present motion.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final

order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997). If a § 2255 motion is denied on procedural grounds without reaching the underlying merits, a certificate of appealability should issue if the movant shows that jurists of reason would find it debatable whether the motion states a valid claim and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 478 (2000). Petitioner has not demonstrated that jurists of reason would find it debatable that her claims are valid, or that this court's procedural ruling is correct. Accordingly,

The government's motion to dismiss (#59) Zia's motion to vacate is GRANTED.

Zia's motion to vacate (#56) is DENIED.

Zia's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Case No. 11-14798] is DISMISSED with prejudice. A certificate of appealability shall not issue.

SO ORDERED.

Dated: March 26, 2013

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 26, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk